IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RAYMOND C. KATCHATAG,

        Plaintiff,

        v.

NANCY DAHLSTROM, JEREMY HOUGH, A. HERNANDEZ, B. STAPLETON, R. VON BORSTEL, J. BROWN, D. BRUECKNER, D. BARMER, L. DEBOARD, STEBBINS, B. THOMPSON, T. HENDRICKS-BECKER, R. VAN ECK, MUSHETT, B. THOMPSON, STEBBINS,

        Defendants.

Case No. 3:24-cv-00127-SLG

## SCREENING ORDER

On June 12, 2024, self-represented prisoner, Raymond C. Katchatag filed a prisoner civil rights complaint, a civil cover sheet, and an application to waive prepayment/payment of the filing fee.[1] On July 30, 2024, Mr. Katchatag filed two motions, requesting the Court provide him with two copies of the Complaint at Docket 1 and summons form and an additional 60 days to perform service on the

---

[1] Dockets 1–3.

Defendants.[2] Shortly thereafter, the Court issued its Standing Order for Civil Rights Cases Filed by Self-Represented Prisoners.[3]

The Court has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is **DISMISSED**. However, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

## BACKGROUND

Mr. Katchatag (hereinafter "Plaintiff") alleges 16 claims against 17 employees of the State of Alaska's Department of Corrections ("DOC") in their individual and official capacities.[4] Each claim names every defendant. The Complaint does not contain a factual narrative.

Plaintiff alleges that Claims 1 and 2 occurred from July 21, 2020, to June 17, 2023.[5] Claim 1 alleges Defendants violated Plaintiff's right to be free from cruel and unusual punishment by imposing an Individual Determination Restriction ("IDR") prohibiting his contact with any female staff, excepting emergencies.[6]

---

[2] Dockets 3–4.

[3] Docket 6.

[4] Docket 1 at 1–6.

[5] Docket 1 at 3.

[6] Docket 1 at 3.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 2 of 19
Case 3:24-cv-00127-SLG    Document 7    Filed 11/04/24    Page 2 of 19

Claim 2 alleges that Defendants retaliated against him by imposing the female staff IDR for longer than the 30 days permitted by DOC policy.[7]

Plaintiff alleges Claim 3 and 4 occurred between July 6, 2021 and June 17, 2023.[8] Claim 3 alleges that Defendants violated Plaintiff's right to be free from cruel and unusual punishment by imposing an IDR restricting his calls to the "Telephone PAN list only," after accusing him of making harassing phone calls.[9] Claim 4 alleges that Defendants retaliated against him by keeping the telephone IDR "in place long after the 30 day limit."[10]

Plaintiff alleges that Claims 5, 6, 7, and 8 occurred between November 16, 2021 and June 17, 2023.[11] Claim 5 alleges that Defendants retaliated against Plaintiff by imposing an IDR requiring an officer to be present during non-security staff contacts, because of his "misuse of writing to a female nurse." Plaintiff asserts "there is a specific I.D.R. for such an occurrence called: "No Paper I.D.R."[12] Claim 6 alleges that Defendants violated his right to be free from cruel and unusual punishment by imposing the IDR requiring an officer to be present during Plaintiff's

---

[7] Docket 1 at 3.

[8] Docket 1 at 5.

[9] Docket 1 at 5.

[10] Docket 1 at 5.

[11] Docket 1 at 5.

[12] Docket 1 at 5.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 3 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 3 of 19

contact with non-security staff, instead of a "No Paper" IDR.[13] Claim 7 alleges Defendants retaliated against him for imposing an IDR called "Window Covering at pill pass," because he "[wrote] to through the medical R.F.I. (Request for Interview) forms."[14] Claim 8 alleges Defendants violated his right to be free from cruel and unusual punishment by imposing the window covering IDR.[15]

Plaintiff alleges that Claims 9 and 10 occurred between September 7, 2022, and June 17, 2023. Claim 9 alleges that Defendants retaliated against him by imposing an IDR, "called: Window covering while females in Housing 1, claiming that I was masturbating completely naked."[16] Claim 10 alleges that Defendants violated his right to be free from cruel and unusual punishment by imposing the housing unit window covering IDR.[17] Plaintiff acknowledges that an institutional proceeding found him guilty of the sexual conduct at issue, but maintains that "this is in appeal with the Superior Court as an Administrative Appeal . . . I'm not guilty."[18]

---

[13] Docket 1 at 5.

[14] Docket 1 at 5.

[15] Docket 1 at 5.

[16] Docket 1 at 5.

[17] Docket 1 at 5.

[18] Docket 1 at 5 (internal parenthesis omitted).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 4 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 4 of 19

Plaintiff alleges that Claims 11, 12, 13, and 14 occurred between February 15, 2023, and June 17, 2023.[19] Claim 11 alleges that Defendants retaliated against him for imposing a "72 hour shower" IDR, "for allegedly having exposed myself while in the shower."[20] Plaintiff notes that he is seeking relief for this claim through administrative appeal.[21] Claim 12 alleges that Defendants violated his right to be free from cruel and unusual punishment by imposing the 72 hour shower IDR. Claim 13 alleges Defendants retaliated against Plaintiff imposed an IDR restricting his shower time until after 6:30 P.M., because of his alleged exposure while showering. Claim 14 alleged Defendants violated his right to be free from cruel and unusual punishment by restricting his shower access to evenings.

Plaintiff alleges that Claims 15 and 16 occurred between May 26, 2023, and June 17, 2023.[22] Claim 15 alleges that Defendants retaliated against him by imposing an IDR restricting his recreation time until after 6:00 P.M., because "females frequent the housing unit allegedly."[23] Claim 16 alleges that Defendants violated his right to be free from cruel and unusual punishment for imposing the IDR requiring him to recreate after 6:00 P.M.[24]

---

[19] Docket 1 at 5–6.

[20] Docket 1 at 6.

[21] Docket 1 at 6.

[22] Docket 1 at 6.

[23] Docket 1 at 6.

[24] Docket 1 at 6.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 5 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 5 of 19

For relief, Plaintiff requests: (1) a declaration that Defendants "violated my U.S. Constitutional Rights while acting under color of State law"; (2) injunctive relief that "each Defendant shall be held liable individually separate from [their] jobs as correctional officers" and "punished in a way that encourages others to protect people in their care"; (3) damages of $500.00 "per violation, per person, per day"; (4) an order "requiring the Defendant[s] to record the Individualized Determination Restriction hearings so that they shall be appealable to the State Superior Court"; and (5) any other relief granted by the Court.[25]

The Court notes that Plaintiff indicates that he has at least two administrative appeals pending in the Superior Court of the State of Alaska. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts, including Plaintiff's numerous open, closed, and reopened administrative appeals.[26]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been

---

[25] Docket 1 at 9.

[26] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.). Plaintiff's administrative appeals cases are too numerous for the Court to list.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 6 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 6 of 19

paid.[27] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[28]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[29] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[30] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[31]

Although the scope of a court's screening review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of

---

[27] 28 U.S.C. §§ 1915, 1915A.

[28] 28 U.S.C. § 1915(e)(2)(B).

[29] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[30] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[31] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 7 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 7 of 19

judicial notice.[32] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[33]

## DISCUSSION

Plaintiff asserts 16 claims against 17 Defendants alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff's Complaint lacks sufficient factual details that if proven true, would state a claim upon which relief can be granted. Further, the Complaint lacks sufficient factual details to state the elements of claims for either retaliation or a violation of the Eighth Amendment's cruel and unusual punishment clause. Accordingly, the Complaint at Docket 1 must be dismissed for the reasons discussed below.

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[34] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35]

---

[32] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[33] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[35] *Ashcroft*, 556 U.S. at 678.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 8 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 8 of 19

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[36] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[37] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[38] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[39] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[40]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[41] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted

---

[36] Fed. R. Civ. P. 8(a)(2).

[37] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[38] *Id.* (internal quotation marks and citation omitted).

[39] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[40] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[41] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 9 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 9 of 19

deductions of fact.[42]  Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[43]

The Complaint at Docket 1 does not contain a factual narrative, nor a detailed factual explanation with the claims alleged.  Rather, the Complaint contains a listing of unadorned claims citing to date ranges and the alleged legal violation.  In order to properly state a claim for relief, each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.  Further, Plaintiff must meet the pleading requirements of 42 U.S.C. § 1983, as explained below.

## II.   Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[44]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[45]  To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution

---

[42] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[43] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[44] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[45] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No.  3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 10 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 10 of 19

or an enforceable right created by federal law.[46] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[47]

A defendant in a civil rights lawsuit must be a "person."[48] A person acting under the color of state law " 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if [the person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [the person] is legally required to do that causes the deprivation of which complaint is made."[49] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[50]

The Complaint at Docket 1 fails to describe sufficient factual details to support a retaliation claim. Broadly, Plaintiff asserts that the imposition of various IDRs constitutes retaliation by DOC officers and officials. The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal

---

[46] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[47] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[48] 42 U.S.C. § 1983.

[49] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[50] *See Rizzo*, 423 U.S. at 371-72, 377.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 11 of 19

institutions."[51] Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.[52] Claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the federal Constitution.[53] Within the prison context, the First Amendment provides the constitutional umbrella for retaliation, which entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[54] Here, Plaintiff's broad allegations that the imposition of IDRs constitute retaliation are not adequate to meet the pleading requirements for a viable claim of First Amendment retaliation. The Complaint fails to allege facts that, if proven, would establish each of the five necessary elements for a retaliation claim.

Additionally, the Complaint 1 fails to provide sufficient factual details to support a claim of cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment in prisons.[55]

---

[51] *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice,* 40 F. 3d 72, 74 (4th Cir.1994)).

[52] *Id.*

[53] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

[54] *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2009).

[55] *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 12 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 12 of 19

Examples of Eighth Amendment claims include excessive force, failure to receive medical care, or unsafe conditions of confinement.[56] Plaintiff's broad assertions that the imposition of various IDRs constitutes cruel and unusual punishment are not sufficient to support his Eighth Amendment claims.

Plaintiff challenges the imposition of IDRs, which logically likely stem from disciplinary hearings. A prison disciplinary proceeding is not a criminal prosecution, and therefore "the full panoply of rights due to a [criminal] defendant" do not apply to a prisoner facing a disciplinary action.[57] Instead, a disciplinary proceeding must accommodate both "institutional needs and objectives and the provisions of the Constitution that are of general application."[58] Moreover, a prisoner has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, due process protection only arises when prison officials impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life."[59] Stated differently, the Due Process Clause is not implicated by

---

[56] *See Furnace v. Sullivan*, 705 F.3d, 1021, 1027 (9th Cir. 2013) (excessive force); *Sandoval v. County of San Diego*, 985 F.3d 657, 679 (9th Cir. 2021) (interference with medical care); Wilson v. Seiter, 501 U.S. 294, 304 (1991) (articulating examples where a condition of confinement violation may occur if there is a "mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . .").

[57] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

[58] *Id.* at 556.

[59] *Id.* at 483−84.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 13 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 13 of 19

every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners.[60]

Importantly to Plaintiff's claims, the Prison Litigation Reform Act requires a prisoner exhaust any available administrative remedies before filing in federal court.[61] This would include exhausting the administrative appeals process. Prisoners must exhaust their administrative remedies prior to filing suit, not during the pendency of a federal action.[62] Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a prisoner appeals a disciplinary decision, which provides: "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court." Accordingly, Plaintiff will need to exhaust the appellate processes of his disciplinary actions and the IDRs imposed, including at the state courts, before filing his claims in federal court. And in the absence of a plausible federal constitutional violation, the state court may be the only available forum for Plaintiff to seek review of the IDR decisions to which he objects.

In conclusion, Plaintiff's Complaint fails to establish sufficient factual details that support a violation of a federal constitutional right by a state actor. Accordingly, Plaintiff's Complaint at Docket 1 must be dismissed.

---

[60] *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

[61] 42 U.S.C. § 1997e(a).

[62] *See McKinney v. Carey*, 543 U.S. 516, 524–32 (2002).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 14 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 14 of 19

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[63] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[64] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[65] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[66] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[67] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly

---

[63] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[64] Fed. R. Civ. P. 8(a)(2).

[65] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[66] Fed. Rule Civ. Proc. 8(a)(2).

[67] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 15 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 15 of 19

identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[68] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's lengthy complaint in an effort to try to pull out facts and allegation regarding each defendant.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended

---

[68] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 16 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 16 of 19

complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

      b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive prepayment of the filing fee at Docket 3 is **GRANTED**.

5. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[69] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to

---

[69] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 17 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 17 of 19

Waive the Filing Fee (Form PS11).[70]  Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[71] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[72] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

---

[70] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[71] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[72] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No.  3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 18 of 19
Case 3:24-cv-00127-SLG    Document 7    Filed 11/04/24    Page 18 of 19

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 4th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00127; *Katchatag v. Dahlstrom, et al.*
Screening Order
Page 19 of 19
Case 3:24-cv-00127-SLG   Document 7   Filed 11/04/24   Page 19 of 19